# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Antonio Roundtree,  Case No. 3:16CV778

    Petitioner

    v.  **ORDER**

Terry Tibbals, Warden,

    Respondent

This is a habeas corpus case under 28 U.S.C. § 2254. Following referral to a United States Magistrate Judge for a Report & Recommendation and the filing of the Report & Recommendation (Doc. 13), the petitioner has filed his objection (Doc. 17), to which the respondent Warden has filed a response. (Doc.18).

As respondent argues (Doc. 18 at 3-5), the petitioner failed to file his objection within the requisite time. I therefore adopt the Report & Recommendation as the order of this court and deny the petition.

The record shows that the petitioner failed repeatedly to provide the court with changes of address, and that, once he did so, and thereafter received a copy of the Report & Recommendation, he still missed the deadline. (Docs. 14, 16, 17).

Binding precedent requires overruling the objection as untimely. As stated in circumstances quite similar to those here:

> The Court notes, however, that though such notice was served upon Petitioner (Doc. 2), it was returned to the Court due to Petitioner's failure to apprise the Court of his change of address (Doc. 3). By failing to keep the Court apprised of his current address, Petitioner demonstrates a lack of prosecution of his action.

> *See*, e.g., *Theede v. United States Department of Labor*, 172 F.3d 1262, 1265 (10th Cir. 1999) (Failure to object to a Magistrate Judge's Report and Recommendation due to delay resulting from party's failure to bring to the Court's attention a change in address constitutes failure to object in a timely manner. Because the Report and Recommendation (Doc. 2) was mailed to the last known address, it was properly served, and party waived right to appellate review). *See* also *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (A *pro se* litigant has an affirmative duty to diligently pursue the prosecution of his cause of action); *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) (A *pro se* litigant has a duty to supply the court with notice of any and all changes in his address). Accordingly, no objections to the Magistrate Judge's Report and Recommendation have been filed.

*Khamisi v. Ohio*, 2018 WL 1425958, at *1 (S.D. Ohio, 2018).

It is, accordingly, hereby

ORDERED THAT:

1. The petitioner's objections to the Magistrate Judge's Report & Recommendation be, and the same hereby are, overruled as untimely;

2. The Report & Recommendation (Doc. 13) be, and the same hereby is, adopted as the order of this Court;

3. The petition for habeas corpus relief (Doc. 1) be, and the same hereby is, denied; and

4. Jurists of reason could not rationally dispute this order or its rationale, and no Certificate of Appealability shall issue, and no appeal shall be filed without prepayment of the requisite filing fee, and no *in forma pauperis* application shall be approved.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge